IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| STEVE D RYAN, | : |
| Plaintiff, | : |
| v. | : Case No. 4:18-cv-00117-CDL-MSH |
| JOHN DOE, | : |
| Defendant. | : |

# ORDER

*Pro se* Plaintiff Steve D. Ryan initiated the above-styled action on June 11, 2018, by filing a document titled "Motion for Exceptional Circumstances Appointment of Counsel." Compl. 1, ECF No. 1. In the document, Plaintiff indicated that he wished to file a civil rights complaint brought under § 1983, but he was diagnosed with "borderline intelligence function." *Id*. at 1. Plaintiff requested appointed counsel to assist him with pursuing claims arising from events that occurred during his incarceration at Rutledge State Prison and Augusta State Medical Prison. *Id*. at 1-2; Second Mot. to Appoint Counsel 1-3, ECF No. 6. On June 29, 2018, the United States Magistrate Judge denied Plaintiff's motion to appoint counsel and directed Plaintiff to (1) refile his complaint using the Court's standard complaint form and (2) either pay the $400.00 filing fee or submit a properly completed motion to proceed *in forma pauperis*. Order 1-3, 5, June 29, 2018, ECF No. 5.[1] Plaintiff was afforded twenty-one (21) days to respond and cautioned that failure to

---

[1] As discussed in the Magistrate Judge's order, Plaintiff has been able to litigate in the past and

timely and fully comply with the Court's directives would result in the dismissal of this action. *Id*. at 5.

Thereafter, Plaintiff filed a second motion to appoint counsel (ECF No. 6), a motion for extension of time (ECF No. 7), and a motion for leave to proceed *in forma pauperis* (ECF No. 8). Plaintiff, however, did not recast his complaint on the Court's standard complaint form or otherwise attempt to fully comply with the Magistrate Judge's directives. The Magistrate Judge denied Plaintiff's second motion to appoint counsel and provided Plaintiff an additional opportunity to recast his complaint as originally directed. Order 1-3, Sept. 6, 2018, ECF No. 9. The Magistrate Judge afforded Plaintiff twenty-one (21) days in which to respond and again cautioned Plaintiff that failure to comply would result in the dismissal of this action. *Id*. at 1, 3. Plaintiff filed a timely response but refused to comply with the Court's directives and elected to file "objections" instead. Resp., ECF No. 10. Plaintiff alleged that he cannot file a civil rights complaint because he does not know the names of the defendants involved in his lawsuit. *Id*. at 1.

The Magistrate Judge afforded Plaintiff a third and final opportunity to submit a complaint detailing his claims for relief. Order, Oct. 24, 2018, ECF No. 11. The Magistrate Judge further advised Plaintiff that whether Plaintiff knows the names of defendants or not, Plaintiff must still file his complaint on the Court's standard forms. *Id*.

---

appears to have sufficient mental capacity to pursue his claims without appointed counsel. Order 2-3, ECF No. 5.

at 2-3. The Magistrate Judge also directed Plaintiff to describe the defendants in detail. *Id*. Plaintiff was once again afforded twenty-one (21) days in which to respond and once again advised that if he failed to do so, this action would be dismissed. *Id*.

For the third time, Plaintiff has chosen to ignore the directives of the Court and has once again submitted a construed motion to appoint counsel. Third Mot. to Appoint Counsel, ECF No. 12. His repeated failure to follow the Court's directions warrants dismissal of this action, as Plaintiff has been repeatedly warned. Plaintiff's behavior also constitutes a failure to prosecute. This action has now been pending for over six months, and Plaintiff has neither filed a complaint nor demonstrated an intention to pursue this action in an appropriate manner. For these reasons, and because it does not appear that Plaintiff will be barred by the statute-of-limitations from refiling his claims in the near future,[2] the instant action is hereby **DISMISSED WITHOUT PREJUDICE**. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order." (citing Fed. R. Civ. P. 41(b) and *Lopez v.*

---

[2]It appears that Plaintiff's potential claims are based on events that occurred at the Augusta State Medical Prison in January 2018 as well as ongoing events at Rutledge State Prison. Mot. to Appoint Counsel, 3, ECF No. 6. Therefore, it does not appear that dismissal without prejudice will have the effect of precluding Plaintiff from re-filing due to the statute of limitations running. Nevertheless, if dismissal is tantamount to dismissal with prejudice, dismissal is still warranted. Plaintiff's repeated failure to file his claims using the Court's standard complaint form is willful and lesser sanctions will not suffice to correct his conduct. *See Hickman v. Hickman*, 563 F. App'x 742 (11th Cir. 2014) (upholding *sua sponte* dismissal with prejudice for failure to properly respond to the district court's order); *Eades v. Ala. Dep't of Human Res.*, 298 F. App'x 862 (11th Cir. 2008) (same).

*Aransas Cty. Indep. Sch. Dist*., 570 F.2d 541, 544 (5th Cir. 1978))).

**SO ORDERED** this **9th** day of **January, 2019.**

                                s/Clay D. Land
                                CLAY D. LAND
                                CHIEF U.S. DISTRICT COURT JUDGE
                                MIDDLE DISTRICT OF GEORGIA